UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CHARLES HENRY ICKES, III**                                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 1:17-CV-P30-GNS**

**JASON WOOSLEY et al.**                                                                    **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Charles Henry Ickes, III, proceeding *pro se*, initiated this 42 U.S.C. § 1983 action by filing a complaint.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, the complaint will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee at the Grayson County Detention Center.  He names as Defendants in their official and individual capacities Grayson County Jailer Jason Woosley and Grayson County Correctional Officer Brad Dermitt.  He alleges that his Sixth and Fourteenth Amendment rights were violated by Defendants.  He states that he had been having video conferences with his family attorney with whom he discusses multiple issues and items regularly.  Plaintiff elaborates as follows:

> I was in the progress of having a private video visit that was cut off due to inappropriate material they viewed (football scores) as something illegal?  This was a screen saver as I was put on hold while my attorney used the bathroom.  Regaurdless, my visits should be private and un-monitored thus this would have never occurred had the visit not been seen, monitored or viewed!  This has apparently been going on for quite a long period of time because I was informed that it was being viewed with more scrutiny due to previous violations that could not be substantiated without my visits being viewed or monitored.

Plaintiff states that he exhausted his administrative remedies and that during that process he was told that "'only' my conversation is private." He also alleges that his attorney tried to re-schedule a visit, which was denied.

As relief, Plaintiff askes for monetary and punitive damages, as well as injunctive relief in the form of reinstating the video visits.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To prevail on a § 1983 claim for a violation of the Sixth Amendment's right to counsel, made applicable to the states by the Fourteenth Amendment, Plaintiff must establish an intrusion

into an attorney-client communication and some prejudice to him. *Weatherford v. Bursey*, 429 U.S. 545, 558 (1977).

Plaintiff does not allege that anyone actually overheard any communication he had with his attorney but rather only that the screen saver that appeared while Plaintiff's attorney took a bathroom break was seen by prison employees. As Plaintiff explains in his complaint, the screen saver observed by prison employees contained football scores, which clearly would not be considered confidential attorney-client communication. Thus, Plaintiff alleges neither that his private conversation was monitored nor that he suffered any prejudice to his criminal case. *See, e.g.*, *Helmer v. Guest*, No. 09-CV-11697, 2010 WL 5691506, at *7 (E.D. Mich. Dec. 22, 2010), *report and recommendation adopted*, No. CIV. 09-11697, 2011 WL 691367 (E.D. Mich. Feb. 3, 2011) ("To establish a Sixth Amendment violation in the context of § 1983 based on Defendant['s] alleged monitoring of Plaintiff's conversation with his attorney, Plaintiff must show that the government intrusion in the attorney-client relationship prejudiced the Plaintiff in his criminal case by depriving him of his right to counsel or his right to the effective assistance of counsel.").

Further, Plaintiff's claim that the request by his attorney to have another video conversation was denied is insufficient to state a claim because Plaintiff does not allege that he did not have alternate means of communication with counsel, such as letters, phone calls, or personal visits. *See Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) ("Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use."); *White v. Blue*, No. 4:15-CV-P100-JHM, 2015 WL 9244491, at *2 (W.D. Ky. Dec. 17, 2015) (finding that, where plaintiff did

not allege that he did not have other means of communicating with his attorney, plaintiff had not alleged any constitutional violation with regard to access to the phone or his attorney).

Accordingly, Plaintiff's claims will be dismissed by separate Order for failure to state a claim upon which relief may be granted.

Date: March 29, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Grayson County Attorney
4416.009

4